IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DORIS ROBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1073-T-An |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REQUIRING AMENDED BRIEF

In support of her Social Security appeal, Plaintiff has submitted a twenty-nine page document entitled "Local Rule 7.3 Trial Memorandum." Plaintiff's counsel has once again ignored Local Rule 7.2(e) which sets a twenty page limit for briefs unless prior court permission has been obtained. Further, Plaintiff's counsel has disregarded this court's specific admonition in a previous case that "future briefs violating this Local Rule may be stricken unless permission has been granted to exceed the page limitation." See Larry Long v. Commissioner, 2005 WL 1613777 (W.D. Tenn.) at *2 n. 2.

As Plaintiff's counsel is well-aware, Local Rule 7.3 applies to cases that are set for trial, and Social Security appeals are not set for trial. Plaintiff's counsel's transparent attempt to avoid application of the twenty page limitation is not well-taken and will not be

tolerated.[1] Tactics such as these are not helpful to the plaintiff and are offensive to the entire judicial process.

Although the court would be justified in striking Plaintiff's brief, the court will not punish Plaintiff for her counsel's misdeeds. However, the court may not be so lenient in the future. Plaintiff's counsel is strongly urged to heed this warning. C.f., Granger v. Klein, 197 F. Supp.2d 851(E.D. Mich. 2002) ("Plaintiff's brief in opposition to the School Defendants, numbering thirty-eight (38) pages, violates Local Rule 7.1(c)(3)(A) of the Eastern District of Michigan, which states that '[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 20 pages. A party seeking to file a longer brief may apply ex parte in writing setting forth the reasons.' The commentary to this Rule emphasizes that the Rule's 20-page limit 'will be strictly enforced,' and that '[a]ttempts to circumvent the Local Rule in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed.' In light of Plaintiff's blatant disregard of the local rules of this district, this Court will only consider the first twenty pages of Plaintiff's response brief, and page 31 wherein Plaintiff voluntarily dismisses the defamation claim in his Complaint." (citations omitted)).

Plaintiff is hereby DIRECTED to file an amended brief within ten (10) days of the entry of this order. The amended brief must comply with the Local Rules of this court. Any

---

[1] The court is puzzled as to why Plaintiff's counsel did not seek permission to exceed the page limitation. Permission is often granted to counsel who can demonstrate a valid reason. It appears that counsel prefers to engage in game-playing rather than following the rules of this court.

attempt to submit the same brief in a smaller font or with more narrow margins will not be looked on with favor, and any such submission **will be stricken**. See Varry White Music v. Banana Joe's of Akron, Inc., 2002 WL 32026609 (N.D. Ohio) ("The Court notes that Defendants' opposition brief is in violation of the Local Rules. In a case on the standard track, memoranda may not exceed twenty pages unless exempted by a judicial officer. In this case, the Court restricted memoranda to twenty-five pages. In direct contravention to the spirit of this rule, Defendants filed their memorandum with fewer than twenty-five pages; however, they greatly reduced the font size and line spacing to cram more text on each page. The Court admonishes Defendants for this practice and reserves the option to sanction Defendants at the end of these proceedings in accordance with the above Local Rule." (citations omitted)).

The Commissioner will then have ten (10) days to respond to the amended brief. If the Commissioner does not desire to file an amended response, then the court will consider the Commissioner's initial response as a response to the amended brief of Plaintiff. IT IS SO ORDERED.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

DATE    20 July 2005

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:05-CV-01073 was distributed by fax, mail, or direct printing on July 21, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Honorable James Todd
US DISTRICT COURT